[Cite as *State v. Rasfeld*, 2016-Ohio-2996.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ADAM D. RASFELD | : | Case No. 15-COA-035 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Ashland Municipal
                                     Court, Case No. 15TRC06394

JUDGMENT:                            Affirmed

DATE OF JUDGMENT:                    May 13, 2016

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ANDREW N. BUSH                         JON J. SAIA
Assistant Director of Law              JESSICA G. D'VARGA
1213 E. Main Street                    713 South Front Street
Ashland, Ohio 44805                    Columbus, Ohio 43206

*Baldwin, J.*

{¶1}    Defendant-appellant Adam Rasfeld appeals his sentence from the Ashland Municipal Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On September 11, 2015 appellant was cited for speeding in violation of R.C. 4511.21(D)(4) and operating a motor vehicle while under the influence of alcohol (OVI) in violation of R.C. 4511.19(A)(1)(a) and (h). The citation indicated that appellant was driving 92 miles an hour in a 70 mile per hour zone and that appellant's blood alcohol content was .217.

{¶3}    Appellant appeared pro se at his arraignment on September 15, 2015. At such time, appellant entered a plea of guilty to the speeding charge and to the OVI R.C. 4511.19(A)(1)(h) charge, a misdemeanor of the first degree. The remaining charge was dismissed. The trial court sentenced appellant to 120 days in jail, with sixty (60) days suspended, and fined appellant $475.00. The trial court also ordered that appellant's operator's license was suspended for a period of three (3) years.

{¶4}    Appellant now raises the following assignment of error on appeal:

{¶5}    THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING MR. RASFELD, AN UNREPRESENTED DEFENDANT, TO SIXTY (60) DAYS IN JAIL AND A THREE (3) YEAR LICENSE SUSPENSION ON A FIRST OFFENSE OVI CONVICTION.

I

{¶6}    Appellant, in his sole assignment of error, argues that the trial court abused its discretion in sentencing him to sixty (60) days in jail and suspending appellant's

operator's license for a period of three (3) years. Appellant notes that this was his first OVI offense, that he has a "very limited traffic record", and that he accepted responsibilities for his actions. Appellant further notes that he is a college graduate with a full-time job. We note that appellant does not argue that his sentence was not within the statutory permissible range.

{¶7} Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Smith,* 9th Dist. Wayne No. 05CA0006, 2006–Ohio–1558, ¶ 21, citing *State v. Pass,* 6th Dist. Lucas No. L–92–017, 1992 WL 386011. *See, also, State v. Chadwick,* 5th Dist. Knox No. 08CA15, 2009–Ohio–2472, ¶ 30. An abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). Furthermore, there is no requirement that a trial court, in sentencing on misdemeanor offenses, specifically state its reasons on the record. *State v. Harpster,* 5th Dist. Ashland No. 04COA061, 2005–Ohio–1046, ¶ 20.

{¶8} R.C. 2929.21(A) states that "[a] court that sentences an offender for a misdemeanor * * * shall be guided by the overriding purposes of misdemeanor sentencing. * * *." The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." In order to achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.; State v. Coleman,* 4th Dist. Scioto No. 05CA3037, 2006–Ohio–3200, ¶ 21. In addition, R.C. 2929.21(B) states in pertinent part as follows: "A sentence imposed

for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."

{¶9} R.C. 2929.22 governs sentencing on misdemeanors and states as follows:

{¶10} (B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

{¶11} (a) The nature and circumstances of the offense or offenses;

{¶12} (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

{¶13} (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

{¶14} (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

{¶15} (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

{¶16} (f)  Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

{¶17} (g)  The offender's military service record.

{¶18} (2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

{¶19} (C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime.

{¶20} In the case sub judice, the trial court stated on the record, in relevant part, as follows:

THE COURT:  Well I'll just tell you what concerns me about this, Mr. Rasfeld.  And I'll give you a chance to respond if you want before I decide what I'm going to do about it.  But in my mind this a very bad OMVI for a lot of reasons.  I mean it's a first offense, you don't have a bad record.  You're accepting responsibility.  That's - - I'll credit you for that.  But the bad part

of this, you're going 92 miles an hour on a public highway, you run some citizen off the road where someone could have very easily died. You're not just a guy over the legal limit. I mean at .217, I'm surprised you could stand. At that point you are extremely intoxicated and a real danger to other people on the highway and a real danger to yourself. So - - and then, to top that off, you're going 92 miles per hour and following too closely? I mean it's just the grace of God that you didn't kill somebody. So in my mind this a very, very bad DUI.

{¶21} Transcript of September 15, 2015 hearing at 14. The trial court also stated that "this is about as bad an OMVI as I've ever seen." Transcript of September 15, 2015 hearing at 15. Furthermore, at the hearing, the Assistant Law Director indicated to the trial court that the Trooper's report stated that appellant denied drinking and was argumentative.

{¶22} Based on the foregoing, we find that the trial court did not abuse its discretion in sentencing appellant. The trial court's decision was not arbitrary, unconscionable or unreasonable in view of the facts of appellant's case.

{¶23} Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Ashland Municipal Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.